CASE No. 1056.

## DUNCAN, MALONY & CO. v. BROWN.

1. Notice to set aside an execution should be served upon the real parties in interest; service upon the attorney who renewed the execution is not sufficient.
2. A stay of execution upon terms is not a grant of affirmative relief to the plaintiff in the execution.

Before ALDRICH, J., Barnwell, July, 1880.

Motion made at Chambers, July 3d, 1880, in behalf of H. M. Myers, executor of Gideon S. Brown (who died in 1878,) to set aside renewal execution of Duncan, Malony & Co. against G. S. Brown, issued May 11th, 1880, by Robert Aldrich, as attorney for the plaintiffs, upon grounds affecting the regularity and validity of the renewal. The opinion states the case.

*Mr. J. C. Davant,* for appellant.

*Mr. Robert Aldrich,* contra.

July 16th, 1881. The opinion of the court was delivered by SIMPSON, C. J. In this case a motion, after notice, was made before his Honor, Judge Aldrich, to set aside an execution upon certain grounds, not necessary now to be noticed.

The notice of the motion, with the affidavits upon which it was made, was served upon Robert Aldrich, Esq., the attorney who had renewed the execution in question, but no notice or summons of any kind in connection with the proceeding had been served upon the parties plaintiff therein. Upon these facts being brought to the attention of the judge he declined to hear the motion, upon the ground that the proper parties were not before the court—the judge holding that the service upon Mr. Aldrich alone was no service upon the parties interested in the execution, and he made the following order :

"The motion is refused, with ten dollars costs to the plaintiff. This is the second motion to stop the sale, made just before the day of sale, which necessarily increases the costs and expenses, and, as the property liable is said to be scant, it is not just to increase the expenses. But as there may be merit in the motion, and no great harm can result by a short delay, it is further ordered if the moving party do pay the costs of this and the expenses of the sales heretofore advertised, the sheriff be restrained from making the sales advertised, and, upon notice to the parties in interest, the motion be set down for hearing on Wednesday, July 14th, 1880."

To this order Myers excepted, and has appealed to this court upon the following grounds :

"1. That his Honor erred in holding that the service of the motion papers is not the service required by law.

"2. That his Honor, in effect, grants affirmative relief against the moving party in the terms imposed for a rehearing of his motion, and erred therein.

"3. That the renewal of the execution was contrary to law, the execution void, and his Honor erred in refusing to set it aside."

Section 432 of the code provides that "where a party shall have an attorney in the action, the service of papers shall be made upon the attorney instead of the party." This section is invoked in behalf of the appellant in this case.

In our opinion this section applies only after action begun by the service of summons or notice, as the case may be, upon the proper parties. After these have been brought into court then service of all subsequent papers may be made upon the attorneys. But it would be extending the operation of this section far beyond its legitimate purpose and intent to hold that the service of an original summons or notice on the supposed or actual attorney of a party is sufficient to institute original proceedings against him and make him a party to the cause.

For the appellant, then, to get relief under this section, it should appear that action had already commenced against the respondents by the service upon them of the proper notice ; that they had already been made parties to the proceeding, and that the notice now served was a notice as to some further proposed action in the progress of the case, and, also, that Mr. Aldrich was their attorney. Do these facts appear? The proceeding here is by motion, and is in the nature of a special proceeding, as contra-distinguished from an ordinary action. Its purpose is to set aside an execution alleged to have been illegally issued. The proceeding is outside and beyond the execution and is intended to assail it. To this proceeding the respondents are necessary parties, and they were entitled to have notice served directly upon them before they could be regarded as in court, or before they could be represented either in person or by attorney.

Mr. Aldrich was their attorney in the execution, but this does not make him their attorney in this new proceeding, which is intended to attack the execution.   With the entry of the execution the duty of Mr. Aldrich ceased in that case.   *Treasurer* v. *McDowell,* 1 *Hill* 185; *Poole* v. *Gist & Roddy,* 4 *McC.* 259; *Hyams* v. *Michell,* 3 *Rich.* 303.

Such being the fact, it is apparent that the real parties in interest here have had no legal notice whatever, and they are not properly before the court.   We see no error, therefore, in the ruling of the Circuit judge that after judgment obtained and execution entered, the duty of the attorney ceased, and in any subsequent proceedings to set aside the judgment and execution, or stay the same, notice must be served on the real parties in interest.   This not having been done, he was right in declining to hear the motion on its merits.

The second exception complains that the presiding judge, in effect, granted affirmative relief against the appellant in the terms imposed for a rehearing of the motion.   We do not so understand the order.   The judge held that the motion, in its present status, could not be heard for the want of parties, but as there might be merit in it he provided for a rehearing upon notice to the proper parties, and in the meantime he stayed the execution upon terms, allowing the appellant the privilege of availing himself or not of the order, as he might be advised, to renew his motion.   We do not see any affirmative relief in this to the parties who were not before the court and against the appellant.

The third exception raises a question as to the validity of the execution.   In our opinion the execution was not before the court.   The motion was dismissed, and properly dismissed, on account of defect of parties.   In the absence of these parties any adjudication of the merits of the motion involving the validity of the execution, would have been nugatory.   It would have been an *ex parte* judgment, having no effect whatever on the rights of the respondents.

The judgment of this court is that the order of the Circuit Court be affirmed.

McIver and McGowan, A. J.'s, concurred.